#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF HILLSBOROUGH, SEPTEMBER TERM,

### A. D. 1830.

## JOSEPH WILLOUGHBY *versus* JOHN WILLOUGHBY.

Where a promissory note was made payable to A B, or C D—it was held to be evidence of a contract with A B and C D, jointly, and that neither could maintain an action upon it separately.

ASSUMPSIT. The first count alleged, that the defendant, at H., on the 25th of June, 1828, by his note, &c. for value received, promised Washington Willoughby, or the plaintiff, to pay either of them, $200 on demand, with interest.

The second count alleged, that the defendant, at H. &c., by his note, &c., for value received, promised the plaintiff to pay him $200, on demand, with interest.

There was a third count, alleging that the defendant, at H., by his note, &c., for value received, promised to pay Washington or Joseph Willoughby, $200 on demand, with interest.

The cause was tried here upon the general issue, at February term, 1830, when the plaintiff offered in evidence to the jury, a note, in the following words :—

*Hollis, June 25*, 1828.—For value received I promise to pay Washington or Joseph Willoughby, $200 on demand, with interest.

### JOHN WILLOUGHBY.

Willoughby
*v.*
Willoughby.

The court being of opinion that the note, upon the face of it, showed a contract with Washington and Joseph Willoughby, and not with either separately, nonsuited the plaintiff, but saved the question for further consideration.

*B. M. Farley*, for the plaintiff.

*Abbot* and *French*, for the defendant.

*By the court.* We are of opinion, that the note in this case is evidence of a contract with W. and J. Willoughby, and that *or* in the note must be understood to mean *and*.

Such being the purport of the note upon the face of it, this action cannot be maintained upon it, and the nonsuit must stand. *Blanckenhagen and another* v. *Blandell*, 2 B & A, 417, was an action on a note which was described in the declaration as payable to J. P. Damer, or the plaintiffs, and the suit was, like this, brought in the name of the plaintiffs without joining J. P. Damer. The cause was decided in favor of the defendant upon a demurrer to the declaration. But Bailey, J. intimated that an action might be maintained upon the note in the name of all the payees.

*Judgment on the nonsuit.*